[Cite as *Dew v. Vivo*, 2012-Ohio-3423.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE EX REL. GREGORY DEW, | ) | |
| | ) | |
| RELATOR, | ) | |
| | ) | |
| V. | ) | CASE NO. 12 MA 94 |
| | ) | |
| ANTHONY VIVO, MAH. CTY. CLERK OF | ) | OPINION |
| COURTS, ET AL., | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENTS. | ) | |

CHARACTER OF PROCEEDINGS:      Complaint for Writ of Mandamus

JUDGMENT:      Dismissed

APPEARANCES:
For Relator      Gregory Dew, Pro-se
#543-986
T.C.I. P.O. Box 901
Leavittsburg, Ohio 44430

For Respondents      Atty. Gina DeGenova Bricker
Assistant Prosecuting Attorney, Civil Div.
21 West Boardman Street, 5th Floor
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: July 26, 2012

PER CURIAM.

{¶1} Relator Gregory Dew has filed a complaint for a writ of mandamus asking this court to compel respondent Anthony Vivo, Mahoning County Clerk of Courts, to accept for filing criminal complaints that he is attempting to file against one of the assistant prosecutors who prosecuted his criminal case and a detective who conducted the investigation that led to his arrest. Vivo has filed a Civ.R. 12(B)(6) motion to dismiss Dew's action for failing to state a claim upon which relief can be granted.

{¶2} Dew was convicted of four counts of rape, two counts of gross sexual imposition, and one count of corruption of a minor on April 1, 2008, in the Mahoning County Court of Common Pleas, following a jury trial. The trial court sentenced him to an aggregate term of 43 years of imprisonment. On December 1, 2009, we reversed and vacated the trial court's judgment in part, holding that one count of gross sexual imposition and one count of rape were not supported by sufficient evidence because the State failed to set forth evidence of "force or threat of force." We upheld the remainder of Dew's convictions, resulting in a 31.5 year sentence. *State v. Dew,* 7th Dist. No. 08 MA 62, 2009–Ohio–6537.

{¶3} Dew attempted to file two criminal complaints with supporting affidavits with the Mahoning County Clerk of Court's office. Each of the complaints was titled "COMPLAINT BY INDIVIDUAL (CRIM.R. 3)" and signed by Dew as the complainant. One charged one of the assistant prosecutors who prosecuted his criminal case with unlawfully altering an intercepted recording and tampering with evidence. The attached affidavit accused the assistant prosecutor of redacting exculpatory evidence from wiretap recordings played in court under the guise of Rape Shield protections. The other complaint charged one of the investigators with perjury. The affidavit attached to that complaint accused one of the investigators of perjuring himself at Dew's trial regarding Dew's alleged use of force or threat of force over the victims. The clerk of court's office refused to accept the filings. Dew then filed this original action seeking to compel the clerk of courts to accept the filings.

{¶4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear

legal duty to perform the requested act; and (3) the relator has no plain and adequate remedy at law. *State ex rel. Frease v. Wellington*, 7th Dist. No. 02-CA-54, 2002-Ohio-7455, at ¶4; *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 3, 591 N.E.2d 1186 (1992).

{¶5} R.C. 2935.09(D) provides a formal mechanism by which a private citizen can seek to have criminal charges brought against someone:

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

{¶6} As counsel for Vivo aptly points out, there is case law addressing the same situation presented in this case. In *State ex rel. Muff v. Wollenberg*, 5th Dist. No. 08-CA-11, 2008-Ohio-4699, the relator presented a criminal complaint to respondent against a named individual for tampering with evidence, with an affidavit attached in support. The Fifth District noted that relator had not conformed to R.C. 2935.09(D)'s requirements:

> R.C. 2935.09(D) allows, in limited circumstances, a private citizen to file an affidavit charging an offense with the clerk of courts for the purpose of having a reviewing official determine whether a complaint should be filed. In the instant case, Relator seeks to file a complaint with an affidavit attached. The statute distinguishes a

complaint from an affidavit.  The plain language of this code section does not permit the filing of a complaint by a private citizen; therefore, Relator has not demonstrated he has a clear legal right to have his complaint filed.  Nor has Relator demonstrated Respondent has a clear legal duty to file a complaint issued by a private citizen under this statute.

*Id.* at ¶12.

{**¶7**}   Just as in *Maxwell*, Dew here tried to file a complaint, with an affidavit attached.  And as the Fifth District pointed out, the plain language of R.C. 2935.09(D) does not permit the filing of a complaint by a private citizen.  Consequently, Dew cannot establish that he has a right to the relief requested and his complaint is dismissed.

{**¶8**}   Costs taxed against Dew.  Final order.  Clerk to serve notice as provided by the Civil Rules.


Donofrio, J. concurs.

Vukovich, J. concurs.

DeGenaro, J. concurs.