BEVINS, APPELLANT, v. RICHARD,[1] WARDEN, APPELLEE.

[Cite as *Bevins v. Richard*, 144 Ohio St.3d 54, 2015-Ohio-2832.]

(No. 2014–1912—Submitted April 14, 2015—Decided July 16, 2015.)

———————

**Per Curiam.**

{¶ 1} We affirm the Twelfth District Court of Appeals' dismissal of the petition for a writ of habeas corpus filed by appellant, Andrew Bevins Jr., because the petition is a successive petition in habeas corpus and because he had an adequate remedy in the ordinary course of the law. We also deny the motions for default judgment and summary judgment filed by Bevins in this court, because the Civil Rules do not ordinarily apply on appeal.

**Facts**

{¶ 2} Bevins was incarcerated following his convictions for aggravated burglary and rape. He was sentenced to a total aggregate sentence of 20 years for the aggravated burglary and rape, to be served consecutively to sentences imposed for earlier convictions. Bevins alleges that the trial court had declared a mistrial in a third retrial but failed to place that declaration in a journal entry. Bevins

———————

1. We have corrected the misspelling of the warden's name.

asserts that the trial court did not have jurisdiction over him for a fourth trial, because the entry was not filed. Therefore, according to Bevins, his convictions and sentence are invalid and he must be released.

{¶ 3} Bevins filed this action in habeas corpus in the Twelfth District Court of Appeals on August 22, 2014. On September 11, 2014, appellee Rhonda R. Richard, warden of Madison Correctional Institution, where Bevins is being held, filed a motion to dismiss Bevins's petition. Bevins filed a response to the motion. The court of appeals granted the motion to dismiss, and Bevins appealed to this court.

**Analysis**

{¶ 4} We affirm for two reasons. First, Bevins has filed at least one previous petition for habeas corpus. *State ex rel. Bevins v. Johnson,* 133 Ohio St.3d 80, 2012-Ohio-3922, 975 N.E.2d 998. Res judicata bars petitioners from filing successive habeas corpus petitions. *State ex rel. Childs v. Lazaroff,* 90 Ohio St.3d 519, 520, 739 N.E.2d 802 (2001). Bevins filed a petition for habeas corpus in 2012, arguing that his right to a speedy trial had been violated. The court of appeals' dismissal of the petition was affirmed by this court. *Bevins* at ¶ 1. Bevins could have argued any cognizable claim that he had in that habeas action; therefore, res judicata bars his successive habeas corpus petition.

{¶ 5} Second, Bevins had an adequate remedy in the ordinary course of the law. After the mistrial, Bevins was tried and convicted. He could have argued in his subsequent appeal that the trial court had failed to journalize the decision to declare a mistrial and that the trial court therefore lacked jurisdiction over his later trial. Habeas corpus is not a substitute for appeal or postconviction relief. *Daniel v. State,* 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, ¶ 8, citing *In re Piazza,* 7 Ohio St.2d 102, 103, 218 N.E.2d 459 (1966); *Bellman v. Jago,* 38 Ohio St.3d 55, 56, 526 N.E.2d 308 (1988).

{¶ 6} Bevins has filed a motion for default judgment under Civ.R. 55(A) and a motion for summary judgment under Civ.R. 56 in this court. The Civil Rules supplement the Supreme Court Practice Rules only in original actions, unless they are clearly inapplicable. Sup.Ct.Prac.R. 12.01(A)(2)(b). The Civil Rules do not apply in appeals of right, such as this case. Civ.R. 1(C) ("These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling * * * "). We therefore deny his motions.

{¶ 7} We affirm because Bevins's habeas corpus action is res judicata, and because he has an adequate remedy in the ordinary course of the law. We deny

Bevins's motions based on the Civil Rules, which do not apply to motions on appeal.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Andrew Bevins, Jr., pro se.

Michael DeWine, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.