[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Robinson v. LaRose,* Slip Opinion No. 2016-Ohio-7647.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7647

ROBINSON, APPELLANT, *v.* LAROSE, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Robinson v. LaRose,* Slip Opinion No. 2016-Ohio-7647.]

*Habeas corpus—Habeas corpus is not an appropriate means to challenge the validity of an indictment—Available direct appeal provides adequate remedy at law—Res judicata bars successive habeas corpus petitions—Failure to attach complete commitment papers as required by R.C. 2725.04(D) mandates dismissal of petition—Failure to include in affidavit a description of each civil action or appeal of a civil action petitioner has filed in the previous five years in any state or federal court as required by R.C. 2969.25(A) mandates dismissal of petition.*

(No. 2015-1762—Submitted May 3, 2016—Decided November 9, 2016.)

APPEAL from the Eleventh District Court of Appeals, No. 2015-T-0051, 2015-Ohio-4323.

_____

**Per Curiam.**

{¶ 1} Appellant, Jackie Robinson, has been convicted, paroled, and convicted of new crimes numerous times since 1976. He has filed numerous appeals and other actions regarding his various convictions and sentences. In May 2015, he filed in the Eleventh District Court of Appeals what appears to be his fourth petition for habeas corpus, which that court dismissed. Robinson has appealed the dismissal to this court. Because his petition is defective, because he had an adequate remedy in the ordinary course of the law, and because he is not entitled to habeas relief, we affirm the dismissal of Robinson's habeas petition. We also deny three motions that Robinson has filed in this court.

*Facts*

{¶ 2} Robinson is incarcerated as a result of convictions for burglary, aggravated robbery, carrying a concealed weapon, having a weapon while under disability, and failure to comply with a lawful order or direction of a police officer. Robinson pleaded guilty to one count of burglary in 1976. He was sentenced to an indefinite prison term of 2 to 15 years. Since then, he has been released on parole and convicted of new crimes at least five times. Robinson's next parole hearing is set for August 2017.

{¶ 3} Robinson has filed at least three petitions in habeas corpus over the years, all of which have been denied.

{¶ 4} On May 22, 2015, Robinson, pro se, filed the habeas petition that is the subject of this appeal. In that petition, Robinson alleged that the trial court that convicted him in 1979 for aggravated robbery, carrying a concealed weapon, and having a weapon while under a disability "patently and unambiguously lacked jurisdiction." He argued that "he has been put to trial without indictment, properly founded and returned by a Grand Jury." Robinson asserted that the indictment in the 1979 case was not properly signed and was not file-stamped by the clerk of

2

court until 2013. On June 25, 2015, the warden filed a motion to dismiss or, alternatively, for summary judgment. On July 8, 2015, Robinson filed a response.

{¶ 5} On October 19, 2015, the Eleventh District Court of Appeals granted the warden's motion and dismissed Robinson's habeas petition with prejudice. The court determined that Robinson had an adequate remedy at law by way of a direct appeal; that he failed to file all of his commitment papers with his petition, as required by R.C. 2725.04(D); and that he failed to provide a complete list of all of his prior civil actions when filing his habeas action, as required by R.C. 2969.25(A). 11th Dist. Trumbull No. 2015-T-0051, 2015-Ohio-4323, ¶ 25-38. The court also noted that habeas corpus is not an appropriate avenue for challenging the validity of an indictment and that Robinson's petition was barred by the doctrine of res judicata because he had filed several previous habeas petitions in which he could have asserted the arguments that he now raises.

{¶ 6} On October 30, 2015, Robinson filed a notice of appeal in this court.

*Analysis*

{¶ 7} We affirm the judgment of the court of appeals for several reasons. First, Robinson's main argument is that the trial court lacked jurisdiction because the indictment for his 1979 conviction was not proper. However, this court has already held that habeas corpus is not an appropriate means to challenge the validity of an indictment; that may be done only on direct appeal. *State ex rel. Arroyo v. Sloan*, 142 Ohio St.3d 541, 2015-Ohio-2081, 33 N.E.3d 56, ¶ 5; *State ex rel. Hadlock v. McMackin*, 61 Ohio St.3d 433, 434, 575 N.E.2d 184 (1991) ("A defendant may challenge the sufficiency of the indictment only by a direct appeal, and not through habeas corpus").

{¶ 8} Second, the alleged defects in the indictment would have been apparent on the document's face, and Robinson could have raised his arguments about them in a direct appeal. We will not issue a writ of habeas corpus when the petitioner had available an adequate remedy at law, regardless of whether the

petitioner pursued that remedy. *State ex rel. Gibson v. Sloan*, ___ Ohio St.3d ___, 2016-Ohio-3422, ___ N.E.3d ___, ¶ 7. A direct appeal is an adequate remedy at law. *See id.* at ¶ 9.

{¶ 9} Third, Robinson's petition is barred by the doctrine of res judicata. Even if his defective-indictment argument could have been properly brought in a habeas action, he has filed at least three previous habeas petitions in which he could have raised that issue. "Res judicata bars petitioners from filing successive habeas corpus petitions." *Bevins v. Richard*, 144 Ohio St.3d 54, 2015-Ohio-2832, 40 N.E.3d 1108, ¶ 4.

{¶ 10} Fourth, Robinson's habeas petition is defective. He failed to attach all of his commitment papers to his petition, as required by R.C. 2725.04(D) ("[a] copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy * * *"). Robinson attached a copy of only his 1979 sentencing entry; he omitted the others. His failure to attach all of his commitment papers requires the dismissal of his petition. *See, e.g.*, *Fugett v. Turner*, 140 Ohio St.3d 1, 2014-Ohio-1934, 14 N.E.3d 984, ¶ 2 (failure to attach all commitment papers "renders the petition fatally defective and subject to dismissal").

{¶ 11} In addition, although Robinson filed an affidavit containing a description of some of the civil actions that he has filed, it fails to contain "a description of each civil action or appeal of a civil action" that he has filed in the previous five years in any state or federal court, as required by R.C. 2969.25(A). Robinson's failure to include all of the required information in his affidavit mandates the dismissal of his petition. *See Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1, (" 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal' "), quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-

2262, 788 N.E.2d 634, ¶ 5, and *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1.

{¶ 12} Therefore, the court of appeals did not abuse its discretion in dismissing Robinson's petition for a writ of habeas corpus. We affirm the judgment of the court of appeals.

{¶ 13} We must also address three motions that Robinson has filed in this court. Robinson has moved to have the "full complete record" transmitted. He apparently seeks to have the record of his 1979 trial and conviction included in the record of this case. Robinson had the responsibility to include in the record of this case any materials from his convictions that he feels might be needed to prove his case; he did not do so. In any event, his stated reasons for including this record are to show that the indictment was faulty and that his counsel's performance was deficient. But neither of those claims is cognizable in habeas. We deny the motion to supplement the record.

{¶ 14} Robinson's motions for emergency release on recognizance and summary ruling are also denied.

Judgment affirmed

and motions denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Jackie N. Robinson, pro se.

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

————————————