[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Perotti v. Clipper,* Slip Opinion No. 2017-Ohio-8134.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8134

THE STATE EX REL. PEROTTI, APPELLANT, *v.* CLIPPER, WARDEN, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Perotti v. Clipper,* Slip Opinion No. 2017-Ohio-8134.]

*Habeas corpus—Appellant failed to comply with mandatory filing requirement of R.C. 2969.25(A)—Court of appeals' dismissal of petition affirmed.*

(No. 2016-1288—Submitted May 16, 2017—Decided October 12, 2017.)

APPEAL from the Court of Appeals for Lorain County, No. 16CA010962.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Ninth District Court of Appeals dismissing the petition of appellant, John W. Perotti, for a writ of habeas corpus.

{¶ 2} Perotti filed his petition on June 13, 2016, claiming that he had served the maximum sentence on each of his convictions and was entitled to immediate

release from prison. On July 25, 2016, the court of appeals dismissed Perotti's petition for his failure to comply with R.C. 2969.25(A) and (C).

{¶ 3} We affirm the court of appeals' judgment. Perotti failed to file the affidavit of prior civil actions mandated by R.C. 2969.25(A). That statute requires an inmate who commences an action against a government entity to "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." " 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

{¶ 4} Perotti admits to filing multiple federal habeas corpus actions against appellee Ohio Adult Parole Authority during the five years preceding the filing of his current petition. Yet he contends that he was not required to file the affidavit of prior civil actions because he did not seek a waiver of the court of appeals' filing fee under R.C. 2969.25(C). But division (C) does not modify the affidavit requirement of division (A), which applies to *all* civil actions filed by inmates against a government entity or employee.

{¶ 5} Because we conclude that the court of appeals correctly determined that Perotti failed to comply with R.C. 2969.25(A), we need not address whether he complied with R.C. 2969.25(C).

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

John W. Perotti, pro se.

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellees.

_____