[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Greene,* Slip Opinion No. 2018-Ohio-4200.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4200

THE STATE EX REL. MCDOUGALD *v*. GREENE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Greene,* Slip Opinion No. 2018-Ohio-4200.]

*Mandamus—R.C. 2969.25—Inapplicable to original actions filed in Supreme Court—Motion to dismiss denied—Alternative writ granted.*

(No. 2018-0013—Submitted April 10, 2018—Decided October 18, 2018.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Jerone McDougald, filed this original action in mandamus against respondent, Larry Greene, an employee of the Southern Ohio Correctional Facility. Greene subsequently filed a motion to dismiss. For the reasons set forth below, we deny Greene's motion to dismiss and issue an alternative writ. In addition, because the Rules of Civil Procedure permitted McDougald to file an amended complaint without leave of court, we deny McDougald's motion for leave to amend his complaint.

**Background**

**{¶ 2}** McDougald is an inmate at the Southern Ohio Correctional Facility. He alleges that on August 31, 2017, he submitted a public-records request to Greene, the public-records custodian for the facility. Despite numerous follow-up communications, McDougald asserts that he has never received the documents that he had requested. He therefore filed a complaint for a writ of mandamus asking us to compel Greene to provide McDougald the requested documents and to award McDougald statutory damages.

**{¶ 3}** Greene has filed a motion to dismiss the complaint based on McDougald's failure to comply with R.C. 2969.25's filing requirements. McDougald has not responded to Greene's motion to dismiss.

**Analysis**

**{¶ 4}** The Ohio Revised Code imposes special procedural requirements upon inmates who file civil actions against the government or its employees. R.C. 2969.25(A) states:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was bought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal * * *.

**{¶ 5}** In addition, if the inmate filing a civil suit seeks a waiver of prepayment of the filing fee, then the inmate must include with the complaint two affidavits: an affidavit of waiver and an affidavit of indigency. R.C. 2969.25(C). The affidavits must include (1) a statement that is certified by the institutional cashier and that sets forth the balance in the inmate's account for each of the preceding six months and (2) a statement of all other cash and things of value owned by the inmate at the time of filing. R.C. 2969.25(C)(1) and (2).

**{¶ 6}** " ' "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." ' " *State ex rel. Perotti v. Clipper*, 151 Ohio St.3d 132, 2017-Ohio-8134, 86 N.E.3d 331, ¶ 3, quoting *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. We have consistently affirmed the judgments of courts of appeals dismissing inmates' civil suits against the government when the complaints or petitions have not included a complete affidavit of prior actions. *See, e.g., State ex rel. Sands v. Bunting*, 150 Ohio St.3d 325, 2017-Ohio-5697, 81 N.E.3d 459, ¶ 3; *Robinson v. LaRose*, 147 Ohio St.3d 473, 2016-Ohio-7647, 67 N.E.3d 765, ¶ 11. Likewise, we have affirmed judgments dismissing inmates' civil-suit complaints or petitions when an inmate has sought a waiver of the filing fees but has failed to supply the necessary affidavits. *See, e.g., State ex rel. Davenport v. State*, 146 Ohio St.3d 255, 2016-Ohio-3414, 54 N.E.3d 1248, ¶ 1-3; *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, 883 N.E.2d 438, ¶ 5.

**{¶ 7}** In his motion to dismiss, Greene correctly notes that McDougald is an inmate who has filed a civil action against a state employee and that McDougald did not attach an affidavit of prior civil actions to his complaint. Nevertheless, Greene is not entitled to have the complaint dismissed.

**{¶ 8}** The requirements of R.C. 2969.25 apply only to "a civil action or appeal against a government entity or employee." That phrase is defined in R.C. 2969.21(B) as follows:

(1) "Civil action or appeal against a government entity or employee" means any of the following:

(a) A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision *in a court of common pleas, court of appeals, county court, or municipal court*;

(b) An appeal of the judgment or order in a civil action of the type described in division (B)(1)(a) of this section that an inmate files in a court of appeals.

(Emphasis added.) Thus, the definition of a "civil action" in which an inmate must include the information required by R.C. 2969.25 does not include an original action filed in this court. And just to make the point more explicit, R.C. 2969.21(B)(2) provides:

"Civil action or appeal against a government entity or employee" does *not* include any civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in the court of claims *or the supreme court* or an appeal of the judgment or order entered by the court of claims in a civil action of that nature, that an inmate files in a court of appeals or the supreme court.

(Emphasis added.)

{¶ 9} Original actions filed in this court are governed by the Supreme Court Rules of Practice. Those rules impose no special filing requirements on inmates, with one exception: petitions for writs of habeas corpus must "be brought and proceed in accordance with R.C. Chapter 2725." S.Ct.Prac.R. 12.01(B). By operation of that rule, a petition for a writ of habeas corpus filed in this court is subject to R.C. 2725.04(D), which requires a habeas corpus petitioner to attach "[a] copy of the commitment or cause of detention * * * if it can be procured without impairing the efficiency of the remedy." But McDougald did not file a petition for a writ of habeas corpus. He filed an original action in mandamus in this court.

{¶ 10} The motion to dismiss is premised entirely upon McDougald's noncompliance with R.C. 2969.25. Because that statute does not apply, we deny the motion and grant an alternative writ.

{¶ 11} Pursuant to S.Ct.Prac.R. 12.05, we set the following schedule for the presentation of evidence and the filing of briefs: The parties are ordered to file any evidence that they intend to present within 20 days of the date of this decision, McDougald is ordered to file a brief within 10 days after the filing of the evidence, Greene is ordered to file a brief within 20 days after the filing of McDougald's brief, and McDougald may file a reply brief within 7 days after the filing of Greene's brief.

{¶ 12} We also deny McDougald's motion for leave to amend his complaint to add factual averments. Leave of court is not required.

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), * * * whichever is earlier.

5

Civ.R. 15(A), *see* S.Ct.Prac.R. 12.01(A)(2)(b) (in original actions filed in this court, the Rules of Civil Procedure apply unless they are clearly inapplicable or they conflict with this court's Rules of Practice). The court's docket shows that the complaint was served upon Greene by certified mail on January 4, 2018. The motion for leave to amend was filed on January 26, well within the 28-day period allowed under the rules. *See, e.g., Michelson v. Volkswagen Aktiengesellschaft*, 2018-Ohio-1303, 99 N.E.3d 475, ¶ 32 (8th Dist.).

Motions denied

and alternative writ granted.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Jerone McDougald, pro se.

Michael DeWine, Attorney General, and Thomas Madden and Andrea K. Boyd, Assistant Attorneys General, for respondent.

_____