[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. Tieman,* Slip Opinion No. 2019-Ohio-2411.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-2411

THE STATE EX REL. EVANS *v.* TIEMAN, PROS. ATTY., ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. Tieman,* Slip Opinion No. 2019-Ohio-2411.]

*Mandamus—R.C. 2969.25 does not apply to original actions filed in the Supreme Court of Ohio—Motions to dismiss denied—Complaint dismissed for failure to state a claim.*

(No. 2019-0145—Submitted April 23, 2019—Decided June 20, 2019.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} This is an original action in mandamus brought by relator, William H. Evans Jr. Respondents, nine public officials in Scioto and Franklin Counties, have filed motions to dismiss. For the reasons set forth below, we deny the motions but dismiss the complaint for failure to state a claim.

**Allegations in the complaint**

{¶ 2} Evans is an inmate at the Northeast Ohio Correctional Center. His complaint concerns three cases in Scioto County Common Pleas Court: case Nos. 17CIV-0018, 18CIH-00065, and 04CR-000922. In each case, Evans made filings in which he alleged public corruption or criminal acts by public officials. Likewise, he made filings alleging criminal conduct in four cases in Franklin County Common Pleas Court: case Nos. 17CV-009206, 18CV-002256, 18CV-001481, and 18CV-002819.

{¶ 3} On January 30, 2019, he filed the present complaint for writs of mandamus against nine public officials. Evans seeks to compel respondents Scioto County Prosecuting Attorney Shane A. Tieman and Franklin County Prosecuting Attorney Ron O'Brien to investigate and prosecute Evans's allegations of criminal activity in their respective counties. He also seeks to compel respondents Scioto County Probate Judge Alan Lemons, Scioto County Common Pleas Court Judge Mark Kuhn, and Franklin County Common Pleas Court Judges Jaiza Page,[1] Michael Holbrook, Kim Brown, and Kimberly Cocroft to issue arrest warrants based on the allegations he has made in the cases they preside over or refer the allegations to a prosecutor for investigation. And finally, Evans seeks a writ of mandamus to compel respondent Scioto County Common Pleas Court Clerk Lisa Novinger to immediately notify him and guarantee his receipt of any such notice in two of his Scioto County cases.

{¶ 4} The Scioto County respondents filed a motion to dismiss on February 13, 2019. On February 19, Evans filed a motion asking for the appointment of a special prosecutor. The Franklin County respondents filed a separate motion to dismiss on February 25. Evans has not responded to the motions to dismiss.

---

[1] Under S.Ct.Prac.R. 4.06(B), Judge Jaiza Page is automatically substituted for retired Judge Guy Reece as a party to this action.

**Legal analysis**

*The motions to dismiss*

{¶ 5} Both motions present a single argument: the complaint should be dismissed because Evans failed to comply with R.C. 2969.25's filing requirements. This argument is not well taken.

{¶ 6} The Ohio Revised Code imposes special procedural requirements on inmates who file in certain courts civil actions against the government or its employees. R.C. 2969.25(A) requires the inmate to file an affidavit describing each civil action or appeal the inmate has filed within the preceding five years. And if the inmate seeks a waiver of prepayment of the filing fees, then R.C. 2969.25(C) requires the inmate to submit affidavits of waiver and indigency, which must contain a certified statement from the institutional cashier setting forth the balance in the inmate's account for each of the preceding six months and a statement of all other cash and things of value owned by the inmate at the time of filing.

{¶ 7} " 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *State ex rel. Perotti v. Clipper*, 151 Ohio St.3d 132, 2017-Ohio-8134, 86 N.E.3d 331, ¶ 3, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. In their motion to dismiss, the Scioto County respondents correctly note that Evans is an inmate who has filed a civil action against a state employee and that he did not attach an affidavit stating his account balance. The Franklin County respondents observe that in addition, he omitted the affidavit of prior civil actions. Nevertheless, respondents are not entitled to have the complaint dismissed on these bases.

{¶ 8} We have held that R.C. 2969.25 is inapplicable to original actions filed in this court. *See, e.g., State ex rel. McDougald v. Greene*, 155 Ohio St.3d 216, 2018-Ohio-4200, 120 N.E.3d 779, ¶ 8-10. The requirements of R.C. 2969.25 apply only to "a civil action or appeal against a government entity or employee,"

R.C. 2969.25(A). The statutory definition of that phrase does not include original actions filed in this court. *See* R.C. 2969.21(B)(1)(a) and (b). Indeed, R.C. 2969.21(B)(2) expressly *excludes* original actions filed in this court from the scope of R.C. 2969.25.

{¶ 9} Original actions filed in this court are governed by the Supreme Court Rules of Practice. Those rules impose no special filing requirements on inmates seeking writs of mandamus.

{¶ 10} The motions to dismiss are premised entirely upon Evans's noncompliance with R.C. 2969.25. Because that statute does not apply, we deny the motions to dismiss.

*S.Ct.Prac.R. 12.04 review of the complaint*

{¶ 11} Under S.Ct.Prac.R. 12.04(C), we conduct an independent assessment of the sufficiency of a mandamus complaint. To be entitled to a writ of mandamus, Evans must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of respondents to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. Our review of the complaint shows that Evans fails to state a claim for relief in mandamus because he fails to allege facts that if proved would establish a clear legal duty to act on the part of respondents.

{¶ 12} "A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney * * *." R.C. 2935.09(D). The statute defines "reviewing official" as a judge, magistrate, or prosecutor. R.C. 2935.09(A). "R.C. 2935.09 must be read in pari materia with R.C. 2935.10, which prescribes the procedure to be followed once a citizen files a criminal complaint." *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755,

¶ 15. If the offense alleged is a felony, the reviewing official must issue an arrest warrant or refer the matter to the prosecutor for investigation, "unless [the official] has reason to believe that [the affidavit] was not filed in good faith, or the claim is not meritorious." R.C. 2935.10(A).

**{¶ 13}** As a preliminary matter, we note that Evans concedes he did not submit all of his accusations in the form of an affidavit, as required to trigger the statute. He is not entitled to mandamus relief based on any allegation he made that was not in the form of an affidavit. *See, e.g.*, *State ex rel. Dew v. Vivo*, 7th Dist. Mahoning No. 12 MA 94, 2012-Ohio-3423, ¶ 7 (denying mandamus relief because R.C. 2935.09(D) requires the filing of an affidavit, not a complaint or other pleading); *State ex rel. Muff v. Wollenberg*, 5th Dist. Perry No. 08-CA-11, 2008-Ohio-4699, ¶ 12 (same).

**{¶ 14}** Not only does Evans's present complaint fail to indicate which of his allegations were in the form of an affidavit and which were not, the complaint fails to describe any actual criminal conduct alleged in his previous filings in Scioto and Franklin Counties. The only specific wrongful conduct described in the complaint is that, according to Evans, a Scioto County assistant prosecutor "has [repeatedly] filed frivolous motions to dismiss in Ohio Supreme Court cases of Evans which are unsupported by existing law." (Brackets sic.) Evans does not allege that the actions of this Scioto County prosecutor violated any *criminal* statute, without which the respondent judges had no legal duty to issue an arrest warrant or refer the matter for prosecution. And likewise, the facts alleged in Evans's complaint did not show that the county prosecutors abused their discretion by failing to prosecute in the face of this accusation. *See Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996) ("A prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion").

**{¶ 15}** Even in his motion for the appointment of a special prosecutor, Evans does not identify the underlying allegedly criminal conduct. Nor has he

identified a statutory basis for us to grant such relief. That motion is therefore denied.

{¶ 16} Finally, Evans seeks a writ of mandamus against Clerk Novinger requiring her to notify him of any final dispositions in two of his cases and guarantee his receipt of any such notice. A clerk of court is required to serve notice of a court judgment on all parties not in default within three days. Civ.R. 58(B). But Evans does not allege that the clerk has failed to serve notice of final judgments upon him. Rather, he concedes the possibility that no such judgment has yet been issued. However, "[m]andamus will not lie to remedy the anticipated nonperformance of a duty." *State ex rel. Home Care Pharmacy, Inc. v. Creasy*, 67 Ohio St.2d 342, 343, 423 N.E.2d 482 (1981). Evans's demand for a writ of mandamus with respect to Clerk Novinger is therefore, at best, premature.

{¶ 17} For the reasons discussed above, we deny the motions to dismiss, deny the motion to appoint a special prosecutor, and dismiss the complaint.

Motions denied

and complaint dismissed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

William H. Evans Jr., pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Iris L. Jin, Assistant Prosecuting Attorney, for the Franklin County respondents.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Danielle M. Parker, Assistant Prosecuting Attorney, for the Scioto County respondents.

_____