**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Galonski*, Slip Opinion No. 2024-Ohio-613.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-613

THE STATE EX REL. WARE *v*. GALONSKI,[1] CLERK.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Galonski*, Slip Opinion No. 2024-Ohio-613.]**

*Mandamus—Public-records requests—R.C. 149.43—Requested records provided—Writ denied as moot and statutory damages denied.*

(No. 2023-0176—Submitted December 12, 2023—Decided February 22, 2024.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, Kimani E. Ware, filed this original action in mandamus under Ohio's Public Records Act, R.C. 149.43, seeking (1) a writ of mandamus to compel respondent, Summit County Clerk of Courts Tavia Galonski, to provide documents

---

1. Ware asserted his claim against Sandra Kurt, who was the Summit County Clerk of Courts when the complaint was filed.  The current clerk, Tavia Galonski, is automatically substituted as a party to this action under S.Ct.Prac.R. 4.06(B).

in response to a public-records request and (2) an award of statutory damages under R.C. 149.43(C)(2). Ware also has filed motions to strike the clerk's evidence and for leave to file additional evidence. We deny Ware's motions, deny the mandamus claim as moot, and deny the request for statutory damages.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Ware is an inmate at the Richland Correctional Institution. He alleges that on May 25, 2022, he sent a public-records request to the clerk of courts by certified mail, requesting several documents filed in "case no. 20329." According to Ware, a certified-mail receipt shows that the clerk's office received the public-records request on June 7, 2022. Ware filed this original action on February 3, 2023, alleging that the clerk had not responded to his request.

{¶ 3} The clerk moved to dismiss Ware's complaint. Among other things, the clerk asserted that her office did not receive Ware's public-records request and that her office sent the requested records to Ware on February 17, 2023, soon after he filed his complaint in this case. We denied the motion to dismiss and granted an alternative writ, ordering the parties to submit evidence and file briefs. 170 Ohio St.3d 1409, 2023-Ohio-1444, 208 N.E.3d 837. After the clerk filed her evidence, Ware filed a motion to strike it, alleging that the clerk had failed to serve the evidence on him. Ware also filed a motion for leave to file additional evidence.

## ANALYSIS

### *Ware's Motions*

{¶ 4} Ware has filed two motions: a motion to strike evidence filed by the clerk and a motion for leave to file his own additional evidence. We deny both motions.

{¶ 5} In moving to strike the clerk's evidence, Ware alleges that the clerk did not serve the evidence on him as required by S.Ct.Prac.R. 3.11(B)(1). In her opposition to the motion to strike, the clerk acknowledges that there was a typographical error in the certificates of service filed with her evidence: they state

2

that the evidence was served "by e-mail" to Ware's physical address at the prison. But the clerk has submitted an affidavit of an employee of the Summit County Prosecuting Attorney's office attesting that the clerk's evidence was served on Ware by regular mail the same day it was filed.

{¶ 6} S.Ct.Prac.R. 3.11(E)(1) authorizes a party who has been "adversely affected" by another party's failure to provide service in accordance with S.Ct.Prac.R. 3.11(B) to file a motion to strike the document that was not served. Under S.Ct.Prac.R. 3.11(E)(2), we may deny a motion to strike if we determine "that service was made as required by this rule or that service was not made but the movant was not adversely affected." We deny Ware's motion to strike because there is credible evidence that the clerk properly served her evidence on Ware. Moreover, Ware does not argue that he was adversely affected by the alleged failure of service.

{¶ 7} Ware also filed a motion for leave to file additional evidence—evidence that, according to him, undermines the clerk's arguments and evidence. We deny the motion as untimely. S.Ct.Prac.R. 12.06(B) permits a relator to file a motion for leave to file rebuttal evidence "within the time permitted for the filing of relator's reply brief." Ware filed his motion for leave more than three weeks after his reply brief was due.

*Ware's Mandamus Claim*

{¶ 8} Mandamus is an appropriate remedy to compel compliance with the Public Records Act. R.C. 149.43(C)(1)(b). The clerk argues that we should dismiss Ware's complaint because he did not comply with R.C. 2969.25, which imposes special filing requirements on inmates who file civil actions against government employees. This argument lacks merit, however, because the requirements of R.C. 2969.25 do not apply to original actions filed in this court. *State ex rel. McDougald v. Greene*, 155 Ohio St.3d 216, 2018-Ohio-4200, 120 N.E.3d 779, ¶ 8-10.

**{¶ 9}** Ware's mandamus claim, however, lacks merit because it is moot. Providing the requested records to the relator generally renders moot a public-records mandamus claim. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. Because Ware acknowledges that the clerk has produced the requested records, we deny the request for a writ of mandamus as moot.

*Ware's Request for Statutory Damages*

**{¶ 10}** Ware also seeks an award of statutory damages for the clerk's alleged failure to comply with the Public Records Act. If a respondent takes an unreasonable amount of time to produce records in response to a public-records request, the relator may be entitled to an award of statutory damages even if the mandamus claim is moot. *See State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 13-15, 22. R.C. 149.43(C)(2) allows a requester to recover $100 for each business day during which a public office or person responsible for the requested public records failed to comply with an obligation arising under R.C. 149.43(B), beginning on the date of commencement of the public-records action, up to a maximum of $1,000.

**{¶ 11}** To be eligible for statutory damages, Ware must prove by clear and convincing evidence that he delivered his public-records request to the clerk "by hand delivery, electronic submission, or certified mail," R.C. 149.43(C)(2). *See State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, ¶ 31-32. Ware alleges that the clerk's office received his request by certified mail on June 7, 2022. The clerk disputes that claim; she alleges that her office did not receive any public-records request from Ware on June 7 and that her office first learned of Ware's request when he filed this original action in February 2023. Ware's entitlement to statutory damages depends on our resolution of this factual dispute.

**{¶ 12}** Both parties have submitted evidence in support of their factual assertions. Ware's evidence includes his own affidavit stating that he sent his request to the clerk by certified mail in May 2022 and that the clerk's office received the

request in June 2022. Ware also provided tracking information showing that the clerk's office received certified mail from him on June 7. The clerk's evidence includes affidavits from two clerk's office employees responsible for responding to public-records requests. Both employees testified that they first learned of Ware's request on February 9, 2023. One of the employees testified that after he learned of Ware's request, he "conducted a search and found no requests received from Kimani E. Ware on June 7, 2022 via certified mail or other means." The clerk also provided an affidavit from her counsel in this case, an assistant prosecutor in the Summit County Prosecuting Attorney's office, who testified that the office received certified mail from Ware that contained only a copy of a judgment entry that was issued by the Ninth District Court of Appeals in another case filed by Ware. The clerk argues that this evidence suggests that Ware is engaging in a "public records scam" whereby he sends miscellaneous documents to public offices that do not require a response, obtains certified-mail receipts, and then later claims that he had sent a request for records.

{¶ 13} The clerk's assertion that Ware is running a public-records scam is highly plausible. Indeed, public officials have repeatedly testified that they have no record of having received a public-records request purportedly sent by Ware. *See, e.g.*, *Giavasis* at ¶ 3, 8, 31; *State ex rel. Ware v. Byrd*, 8th Dist. Cuyahoga No. 112488, 2023-Ohio-3158, ¶ 20, 27; *State ex rel. Ware v. Stone*, 5th Dist. Stark No. 2021CA00042, 2022-Ohio-1151, ¶ 3, 27-28, 34; *State ex rel. Ware v. Walsh*, 9th Dist. Summit No. 30051, 2021-Ohio-4585, ¶ 3, 20-21. But we need not determine whether Ware has engaged in misconduct to dispose of Ware's request for statutory damages or otherwise resolve this case. The clerk has not asked that we sanction Ware for misconduct, so we will leave that question for another day. To resolve this case, we need only determine whether Ware has met his burden of proving by clear and convincing evidence that he delivered his public-records request to the clerk by

certified mail and that the clerk failed to comply with an obligation under R.C. 149.43(B). *See Giavasis* at ¶ 26-27, 31-32.

{¶ 14} Ware has not met his burden. Although he submitted evidence showing that the clerk's office received *something* from him on June 7, 2022, he has not submitted evidence establishing that what he sent was a public-records request. His sworn statement that he sent such a request is rebutted by the clerk's evidence that no such request was ever received. Thus, he "has not satisfied the heightened burden of proof necessary for an award of statutory damages," *id.*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, at ¶ 32 (denying statutory damages when the evidence was "evenly balanced"). *See also State ex rel. Griffin v. Doe*, 165 Ohio St.3d 577, 2021-Ohio-3626, 180 N.E.3d 1123, ¶ 8. Accordingly, we deny Ware's request for statutory damages.

*Ware's Allegations of Bad Faith*

{¶ 15} Ware also argues that the clerk acted in bad faith under R.C. 149.43(C)(3)(b)(iii) by providing him the records he sought "only after" he filed his complaint in this action. We do not find any evidence of bad faith in the record. Moreover, the provision on which Ware relies has no application here because it relates to a possible award of attorney fees. As a pro se litigant, Ware has no right to attorney fees. *See Fant v. Regional Transit Auth. Bd. of Trustees*, 50 Ohio St.3d 72, 552 N.E.2d 639 (1990).

**CONCLUSION**

{¶ 16} For the foregoing reasons, we deny Ware's motion to strike, deny his motion for leave to file additional evidence, deny as moot his request for a writ of mandamus, and deny his request for statutory damages.

Writ denied.

FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ., concur.

KENNEDY, C.J., and BRUNNER, J., concur in judgment only.

———————————

Kimani E. Ware, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Marrett W. Hanna, Assistant Prosecuting Attorney, for respondent.

_____