**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Vigluicci*, Slip Opinion No. 2024-Ohio-3131.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-3131

[THE STATE EX REL.] WARE *v*. VIGLUICCI, PROS. ATTY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Vigluicci*, Slip Opinion No. 2024-Ohio-3131.]

*Mandamus—Public-records requests—Relator neither contends that any documents he requested remain outstanding nor challenges validity of redactions made to them—Determination of statutory damages, court costs, and sanctions deferred pending review in camera of original documents that prosecutor's office received from relator—Writ denied as moot.*

(No. 2023-1354—Submitted July 9, 2024—Decided August 20, 2024.)

IN MANDAMUS.

————————————

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Relator, Kimani E. Ware, requests a writ of mandamus ordering the production of records responsive to two public-records requests he claims to have sent to respondent, Portage County Prosecuting Attorney Victor V. Vigluicci ("the prosecutor") in June and July 2022. Ware also seeks awards of statutory damages and court costs. We previously granted an alternative writ and ordered the parties to address in their briefing and evidence whether Ware should be sanctioned under R.C. 2323.51, Civ.R. 11, and/or S.Ct.Prac.R. 4.03(B). 2024-Ohio-202.

{¶ 2} We deny the writ as moot because Ware does not dispute that the prosecutor produced documents responsive to Ware's alleged public-records requests after being served with the summons and complaint in this action. Regarding the issues of court costs, statutory damages, and sanctions, we defer our ruling pending the prosecutor's submission of additional evidence. Specifically, we order the prosecutor to file *the original* documents received by certified mail from Ware in the envelopes postmarked June 22 and July 5, 2022. For the reasons explained below, a review of the original documents received by the prosecutor will resolve a factual dispute over whether Ware sent the public-records requests at issue by certified mail.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} Ware is an inmate at Richland Correctional Institution. He alleges that he sent two public-records requests to the prosecutor by certified mail in June and July 2022. Ware claims that he requested a copy of the personnel file of Timothy J. Piero in the June mailing and that he requested copies of the records-retention schedule of the prosecutor's office and the prosecutor's oath of office in the July mailing. Ware has submitted copies of the envelopes in which he allegedly sent his public-records requests, which are postmarked June 22 and July 5, 2022, respectively. According to Ware, certified-mail receipts show that the prosecutor's office received both requests.

**{¶ 4}** Ware commenced this action in October 2023, alleging that the prosecutor had violated his duty under R.C. 149.43(B)(1) to provide copies of the requested public records within a reasonable time. Ware sought a writ of mandamus compelling the prosecutor to provide records responsive to his requests, and he requested statutory damages and court costs.

**{¶ 5}** The prosecutor filed an answer and a motion for judgment on the pleadings. In his motion, the prosecutor asserted that Ware had commenced a frivolous action that was premised on two nonexistent public-records requests. Though admitting that his office had received two certified mailings from Ware in envelopes with tracking numbers that matched the copies attached to Ware's complaint, the prosecutor contended that neither certified mailing contained a public-records request. Rather, the prosecutor averred, the first certified mailing contained only a one-page judgment entry issued in an unrelated case from this court and the second certified mailing contained only a one-page document filed in the same unrelated case. Attached to the prosecutor's answer were the documents that the prosecutor's office claimed to have received in the certified mailings that allegedly contained public-records requests.

**{¶ 6}** The prosecutor further asserted in his motion that his office had no record of receiving the public-records requests at issue here until his office received the summons and complaint in this action. The prosecutor contended that he sent Ware the requested records on November 3, 2023—four days after being served with the summons and complaint. The prosecutor therefore argued that the production of the requested records rendered Ware's action moot and that Ware was not entitled to statutory damages, because no public-records requests were ever delivered by certified mail. Finally, the prosecutor contended that Ware had displayed a "pattern of conduct where [Ware] sends certified mailings to public offices that do not contain a public records request," only to later claim falsely that

the certified mailings contained public-records requests. The prosecutor argued that Ware's actions warranted a finding of frivolous conduct.

{¶ 7} We denied the prosecutor's motion for judgment on the pleadings and granted an alternative writ. 2024-Ohio-202. In addition to setting a schedule for the submission of evidence and merit briefing, we ordered the parties to address in their briefs, and permitted them to present evidence as to, whether Ware should be sanctioned under R.C. 2323.51, Civ.R. 11, and/or S.Ct.Prac.R. 4.03(B). 2024-Ohio-202.

{¶ 8} In his evidence, Ware submitted an affidavit addressing the prosecutor's contention that he did not send public-records requests at all. According to Ware, his first public-records request was "a two sided paper": on one side was the judgment entry issued in the unrelated case and on the other was his handwritten public-records request. Likewise, Ware testifies that his second public-records request is also on a two-sided paper, with one side being the document filed in the unrelated case and the public-records request "written on the back." Ware accuses the prosecutor of copying only one side of each document for filing in this case.

{¶ 9} The prosecutor disputes Ware's testimony. Assistant Prosecuting Attorney Chrisopher Meduri and the prosecutor's chief administrator, Lori Heiney, have submitted affidavits averring that the two certified mailings from Ware contained only one-page documents from the unrelated case and that no public-records request was written on the backside of either document. Heiney also testifies that the original papers received from Ware are in the custody of the prosecutor's office.

## ANALYSIS

*Ware's mandamus claim*

{¶ 10} Mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. R.C. 149.43(C)(1)(b). But providing the

4

requested records to the relator moots a public-records mandamus claim. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶ 22. In this case, it is not disputed that the prosecutor provided the records responsive to Ware's requests in November 2023.

{¶ 11} Ware does not contend that any documents requested remain outstanding. Nor does Ware challenge the validity of certain redactions made to the records that were produced. We therefore deny the writ of mandamus as moot.

*Statutory damages*

{¶ 12} Ware seeks statutory damages for the prosecutor's alleged failure to comply with the Public Records Act. When a respondent has taken an unreasonable amount of time to produce requested records, the relator may be entitled to an award of statutory damages even if the mandamus claim is moot. *State ex rel. Straughter v. Dept. of Rehab. & Corr.*, 2023-Ohio-1543, ¶ 15. R.C. 149.43(C)(2) allows a relator to recover $100 for each business day during which a respondent failed to comply with an obligation arising under R.C. 149.43(B), beginning on the date of commencement of the public-records action and up to a maximum of $1,000. In this case, Ware contends that he is entitled to statutory damages because the prosecutor did not respond to his public-records requests until after Ware commenced this action.

{¶ 13} To be eligible for statutory damages, Ware must prove by clear and convincing evidence that he delivered his public-records requests to the prosecutor's office "by hand delivery, electronic submission, or certified mail," R.C. 149.43(C)(2); *see also State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 31-32. Ware alleges that he sent to the prosecutor's office by certified mail separate public-records requests in June and July 2022. As evidence, Ware has submitted certified-mail tracking printouts, which purportedly show that the prosecutor's office received Ware's certified mailings on June 24 and July 7, 2022, respectively. The prosecutor disputes Ware's claim, contending that his office did not actually receive a public-records request from Ware on either date and that his office first learned of Ware's

requests when it was served with the summons and complaint in this original action in October 2023.

{¶ 14} According to the prosecutor, Ware's entire action here is a sham, premised on public-records requests that he never sent to the prosecutor's office. Regarding Ware's certified mailing postmarked June 22, 2022, the prosecutor offers sworn testimony from his chief administrator, Heiney, that the mailing contained only a one-page judgment entry issued by this court in the unrelated case. And contrary to Ware's assertion, Heiney also testifies that "there is no writing of any kind on the 'backside' of the original single one page document, which was kept by and is in the custody of the Portage County Prosecutor's Office."

{¶ 15} Similarly, regarding Ware's certified mailing postmarked July 5, 2022, Heiney avers that the mailing contained only a copy of a document filed in the unrelated case. Heiney also testifies that "there is no writing of any kind on the 'backside' of the original single one page document, which was kept by and is in the custody of the Portage County Prosecutor's Office." Assistant Prosecuting Attorney Christopher Meduri corroborates Heiney's testimony, testifying that neither of the certified mailings from Ware contained a public-records request written on the backside of the documents found inside the certified-mail envelopes.

{¶ 16} The prosecutor argues that this case is similar to other public-records cases in which Ware sent random documents to public offices, obtained certified-mail receipts, and later claimed that he had sent requests for public records that the public office failed to respond to. To be sure, this case is not the first time that a public office has suggested that Ware is running a public-records scam. *See, e.g.*, *State ex rel. Ware v. Galonski*, 2024-Ohio-613, ¶ 12-13 (noting evidence that Ware sent miscellaneous documents to public offices that do not require a response, obtained certified-mail receipts, and later claimed that he had sent a request for public records); *State ex rel. Ware v. Dept. of Rehab. & Corr.*, 2024-Ohio-1015, ¶ 48 (lead opinion) (noting that the evidence before the court "plausibly supports the allegations

that Ware routinely lied in affidavits and court filings regarding whether he had sent public-records requests by certified mail"); *State ex rel. Ware v. Stone*, 2023-Ohio-3865, ¶ 21, 33 (5th Dist.) (determining that Ware had not sent the alleged public-records request and that a hearing would be scheduled on a motion for sanctions against Ware); *State ex rel. Ware v. Byrd*, 2023-Ohio-3158, ¶ 12, 19-25 (8th Dist.) (noting evidence of Ware's scheme and concluding that he had never sent the alleged public-records requests).

**{¶ 17}** In previous cases in which Ware claimed to have sent a public-records request by certified mail but the public office denied having received it, we simply denied statutory damages, without resolving the issue whether Ware had engaged in a scam. *See State ex rel. Ware v. Galonski*, 2024-Ohio-1064, ¶ 21-22; *Giavasis*, 2020-Ohio-5453, at ¶ 32-34. This is because "when the evidence on the method-of-delivery of a public-records request consists of contradictory affidavits or is inconclusive, the requester has not satisfied his burden under R.C. 149.43(C)(2)," *Galonski*, 2024-Ohio-1064, at ¶ 22; *see also Giavasis* at ¶ 32.

**{¶ 18}** In this case, a different approach is appropriate. The prosecutor does not dispute that his office received documents by certified mail from Ware that were postmarked June 22 and July 5, 2022; indeed, copies of the envelopes submitted by the prosecutor as evidence are identical to the copies that Ware has submitted as evidence. The prosecutor contends, however, that Ware is lying about what those envelopes contained. Heiney—who opened the certified mailings from Ware—testifies that "there is no writing of any kind" on the backside of either piece of paper mailed to the prosecutor's office, directly refuting Ware's claim that he had handwritten a public-records request on the back of each piece of paper that the prosecutor received. Heiney also testifies that the prosecutor's office has retained the original documents that Ware transmitted in the certified-mail envelopes postmarked June 22 and July 5, 2022.

{¶ 19} Reviewing the *original* documents that the prosecutor's office received will definitively show whether Ware is committing a fraud on this court. *See State ex rel. Ware v. Booth*, 2024-Ohio-2102, ¶ 9 (referring another of Ware's public-records cases to a master commissioner for a full evidentiary hearing to determine whether "Ware is in fact engaging in fraud" and, if so, whether sanctions are appropriate). We therefore order the prosecutor to file the original documents received from Ware in the certified-mail envelopes postmarked June 22 and July 5, 2022, for our in camera review. We defer the determination of statutory damages until we have reviewed the original documents submitted by the prosecutor's office. *See State ex rel. Dann v. Taft*, 2006-Ohio-2947, ¶ 20-21 (ordering the originals and seven unredacted copies of the records at issue to be filed under seal for in camera review and deferring determination of a privilege issue pending in camera review of the records).

*Court costs and sanctions*

{¶ 20} In addition to statutory damages, Ware seeks an award of court costs under R.C. 149.43(C)(3)(b)(iii), which applies when the public office or person responsible for the public records "acted in bad faith" by voluntarily making public records available for the first time after the relator has commenced a mandamus action. The prosecutor contends that Ware is not entitled to court costs for the same reason he is not entitled to statutory damages—i.e., because Ware did not send a public-records request by certified mail at all. For the same reasons explained above, we defer consideration of court costs until we have reviewed the original documents the prosecutor received from Ware by certified mail.

{¶ 21} Similarly, we defer the determination of whether Ware should be sanctioned under R.C. 2323.51, Civ.R. 11, and/or S.Ct.Prac.R. 4.03(B). If a review of the original documents received by the prosecutor's office shows that Ware is, in fact, engaging in fraud, it will provide a basis for this court "to impose sanctions

8

and take appropriate measures to protect the integrity of our judicial proceedings," *Booth* at ¶ 9.

## CONCLUSION

{¶ 22} For the foregoing reasons, we deny the writ as moot and defer our determination of statutory damages, court costs, and sanctions for Ware's alleged frivolous conduct until we have reviewed in camera the original documents that the prosecutor's office received from Ware in the certified-mail envelopes postmarked June 22 and July 5, 2022. We order the prosecutor's office to file those original documents in this court within 14 days of this decision for in camera review.

Writ denied as moot.

_____

Kimani E. Ware, pro se.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Chrisopher J. Meduri, Assistant Prosecuting Attorney, for respondent.

_____