[Cite as *State ex rel. Parkey Bey v. Loomis*, 2019-Ohio-3446.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. VINCENT EL ALAN PARKER BEY, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | |
| | : | **CASE NO. 2019-T-0035** |
| - vs - | : | |
| JULIE LOOMIS, et al., | : | |
| Respondents. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.


*Vincent El Alan Parker Bey*, pro se, PID#: A310-623, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 901, Leavittsburg, OH 44430 (Relator).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 and *Jared Sun Yee*, Assistant Attorney General, Criminal Justice Section, Corrections Unit, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondents).



PER CURIAM.

{¶1} In this original action, relator, Vincent El Alan Parker Bey, seeks a writ of mandamus against respondents, Julie Loomis, the administrative assistant for the warden of the Trumbull Correctional Institution, and the Trumbull Correctional Institution, to

compel the production of public records. In addition, relator seeks an award of statutory damages and court costs.

{¶2} For the reasons set forth below, we dismiss the petition because this claim is moot. We also deny his request for statutory damages and costs since we find respondents complied with relator's request prior to his filing of the petition.

{¶3} Relator is an inmate at the Trumbull Correctional Institution. He alleges that on March 5, 2019, he made a public records request for "a copy of the legal mail log for the months of January and February of 2019," and "a copy of the dates and times that the institutional inspector makes rounds in the housing units for the months of December, 2018, January and February 2019." He further alleges that respondents illegally seized his certified mail and that they only partially complied with his public records request as the direct result of a grievance. He acknowledged that he received copies of the legal mailroom logs on April 11, 2019, but alleges he did not receive a written explanation as to why his public records request for the institutional inspector logs was denied.

{¶4} In response to relator's petition, respondents filed a motion to dismiss, asserting relator's claim is moot because they have complied with relator's public records request pursuant to R.C. 149.43(B). Attached to respondent's motion to dismiss were two letters that were previously sent to relator. The first requested additional information as to the institutional inspector logs so the specific logs relator sought could be identified. Relator failed to respond to this request. The second letter was provided as a result of a grievance and accompanied the mail room logs. It explained that institutional inspector logs, without more, are not public records. Thus, that portion of relator's request was denied by respondents.

2

{¶5} To be entitled to a writ of mandamus, the relator in such an action must establish by clear and convincing evidence: "(1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Martin v. Greene*, -- Ohio St.3d __, 2019-Ohio-1827, ¶6, citing *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, ¶3. "'Mandamus will not lie to compel an act that has already been performed.'" *Id.,* quoting *State ex rel. Martin v. Buchanan*, 152 Ohio St.3d 68, 2017-Ohio-9163, ¶5, quoting *State ex rel. Eubank v. McDonald*, 135 Ohio St.3d 186, 2013-Ohio-72, ¶1.

{¶6} In general, a public records mandamus case becomes moot when the public office provides the requested records. (Citation omitted.) *Id.* at ¶7. *See also State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, ¶4 (2019) (mandamus complaint was moot because school district had produced the requested records). The evidence submitted by respondents demonstrates that relator has received the documents he requested and that respondents complied with R.C. 149.43 in fulfilling relator's request. *See* R.C. 149.43(B)(3) ("If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied").

{¶7} Relator filed a reply brief, but failed to introduce any evidence that respondents have not complied with his request. We therefore deny the petition for a writ of mandamus as moot.

{¶8} Because we do not find respondents failed to comply with relator's public records request, we also deny relator's demand for statutory damages and court costs pursuant to R.C. 149.43(C)(2) ("the requester shall be entitled to recover the amount of statutory damages * * * if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section").

{¶9} Therefore, dismissal is warranted under Civ.R. 12(B)(6) because respondents have fulfilled their legal duty to act when they complied with relator's public records request.

{¶10} Consequently, respondents' motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.

THOMAS R. WRIGHT, P.J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.

4