[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parker Bey v. Loomis*, Slip Opinion No. 2020-Ohio-1463.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1463

THE STATE EX REL. PARKER BEY, APPELLANT, *v.* LOOMIS ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parker Bey v. Loomis*, Slip Opinion No. 2020-Ohio-1463.]

*Mandamus—Public-records requests—Inmate's records request not moot—Court of appeals' dismissal of complaint reversed and cause remanded.*

(No. 2019-1240—Submitted February 11, 2020—Decided April 16, 2020.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2019-T-0035, 2019-Ohio-3446.

_____

**Per Curiam.**

{¶ 1} Appellant, Vincent El Alan Parker Bey, appeals the judgment of the Eleventh District Court of Appeals dismissing his complaint for a writ of mandamus against appellees, Trumbull Correctional Institution and Julie Loomis (collectively, "TCI"), the assistant to the warden. We reverse the court of appeals' judgment and remand the case for further proceedings consistent with this opinion.

## Background

**{¶ 2}** While incarcerated at the Trumbull Correctional Institution, Parker Bey submitted a handwritten public-records request to appellees. He sent the request by certified mail on March 5, 2019, and asked for copies of (1) "the legal mail log for the months of January [and] February of 2019" and (2) "the dates and times that the institutional inspector (Ms. Fredericks) ma[de] rounds in the housing units" for the months of December 2018 through February 2019. Loomis received the request on March 8.

**{¶ 3}** On April 11, 2019, Parker Bey received Loomis's response, which provided copies of the portions of the requested legal-mailroom logs in which Parker Bey's name appeared. In her cover letter, Loomis stated that the mailroom logs "will satisfy all requests made for records that have been received by this office." Citing Ohio Adm.Code 5120-9-49(B)(1) and R.C. 149.43(A)(1)(v), Loomis explained that she was prohibited from providing copies of nonpublic records, but she did not expressly mention the second part of Parker Bey's request.

**{¶ 4}** Parker Bey filed a complaint for a writ of mandamus in the Eleventh District on June 24, 2019, seeking to compel TCI to provide him with the rest of the records he had requested—i.e., "the dates and times that the institutional inspector (Ms. Fredericks) ma[de] rounds in the housing units" for the months of December 2018 through February 2019. Parker Bey also sought an award of statutory damages and court costs.

**{¶ 5}** The court of appeals granted TCI's motion to dismiss, determining that Parker Bey's complaint was moot because he had already received all the requested records to which he was entitled. The court also denied Parker Bey's request for statutory damages and court costs.

## Legal Analysis

**{¶ 6}** We review de novo the dismissal of a mandamus complaint under Civ.R. 12(B)(6). *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-

9141, 95 N.E.3d 365, ¶ 10. Dismissal is appropriate only if it "appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor." *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4.

{¶ 7} In concluding that Parker Bey's public-records claim is moot, the court of appeals relied on documents attached to Loomis's motion to dismiss. Attached to the motion was a declaration and two letters that Loomis referred to in her declaration, Exhibits A and B. Exhibit A is an undated and unsigned letter that Loomis purportedly wrote to Parker Bey indicating that she needed additional information from him to process the second part of his public-records request. Parker Bey attests that he never received this letter. Exhibit B is a copy of Loomis's April 11, 2019 letter to Parker Bey that is signed by both Parker Bey and Loomis. With regard to the second part of Parker Bey's request, Loomis stated in the undated letter as follows: "I am not required to conduct research for your request. There are 10 blocks, each with a 24 hour visit log and you are requesting 3 months of copies. Is there a specific block(s) you are requesting? Please advise so I may proceed with this item in the letter."

{¶ 8} Contrary to the court of appeals' determination, the undated letter unambiguously indicates that Parker Bey's request is not moot, because Loomis was requesting additional information so that she could locate the relevant documents. Accordingly, the court of appeals erred when it concluded that Parker Bey's claim is moot. TCI has provided no evidence demonstrating that it complied with the second part of Parker Bey's records request.

{¶ 9} The court of appeals also denied Parker Bey's request for statutory damages and court costs. Under the version of R.C. 149.43(C)(2) in effect when Parker Bey made his request, statutory damages were available if the request was

made by hand delivery, electronic submission, or certified mail. 2018 Sub.H.B. No. 34. Because Parker Bey sent his request by certified mail, he may be entitled to statutory damages if the court of appeals, on remand, determines that Loomis failed to timely or fully respond to his request. Under former R.C. 149.43(C)(3)(a)(i), if the court of appeals grants a writ of mandamus with respect to the second part of Parker Bey's records request on remand, he will also be entitled to an award of court costs.

{¶ 10} Parker Bey also argues that the court of appeals erred when it granted Loomis's motion to dismiss without converting it into a motion for summary judgment and giving appropriate notice to the parties. However, we decline to rule on this alleged error, in light of our conclusion that the appellate court erred in dismissing Parker Bey's public-records mandamus complaint.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Vincent El Alan Parker Bey, pro se.

Dave Yost, Attorney General, and Jared S. Yee, Assistant Attorney General, for appellees.

_____