[Cite as *State ex rel. Parker Bey v. Loomis*, 2020-Ohio-3933.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>VINCENT EL ALAN PARKER BEY, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | |
| | : | **CASE NO. 2019-T-0035** |
| - vs - | : | |
| | : | |
| JULIE LOOMIS, et al., | : | |
| | : | |
| Respondents. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Vincent El Alan Parker Bey*, pro se, PID#: A310-623, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 901, Leavittsburg, OH 44430 (Relator).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Jared Sun Yee*, Assistant Attorney General, Criminal Justice Section, Corrections Unit, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondents).

PER CURIAM.

{¶1} Following remand from the Supreme Court of Ohio, the original action of relator, Vincent El Alan Parker Bey, is again before us, seeking a writ of mandamus against respondents, Julie Loomis ("Ms. Loomis"), the administrative assistant for the warden of the Trumbull Correctional Institution, and the Trumbull Correctional Institution

to compel the production of public records. In addition, relator seeks an award of statutory damages and court costs.

{¶2} Because relator failed to file a proper affidavit of his prior civil actions and appeals, we dismiss his petition.

{¶3} Relator is an inmate at the Trumbull Correctional Institution. He alleged that he made a public records request for (1) "a copy of the legal mail log for the months of January and February of 2019," and (2) "a copy of the dates and times that the institutional inspector makes rounds in the housing units for the months of December, 2018, January and February 2019." He further alleged that respondents illegally seized his certified mail and that they only partially complied with his public records request as the direct result of a grievance. He acknowledged that he received copies of the legal mailroom logs on April 11, 2019 but alleged he did not receive a written explanation as to why his public records request for the institutional inspector logs was denied.

{¶4} In response to relator's petition, respondents filed a motion to dismiss, asserting relator's claim is moot because they complied with relator's public records request pursuant to R.C. 149.43(B). Attached to respondents' motion to dismiss were two letters that were previously sent to relator. The first letter requested additional information as to the institutional inspector logs so the specific logs relator sought could be identified. Relator failed to respond to this request. The second letter was provided as a result of a grievance and accompanied the mail room logs. It explained that institutional inspector logs, without more, are not public records. Thus, that portion of relator's request was denied by respondents.

2

{¶5} In *State ex rel. Parker Bey v. Loomis*, 11th Dist. Trumbull No. 2019-T-0035, 2019-Ohio-3446, we dismissed relator's petition as moot, finding that the evidence submitted by respondents demonstrated that relator had received the records he requested and that respondents had complied with R.C. 149.143 in fulfilling relator's request. *Id.* at ¶6. We also denied relator's demand for statutory damages and court costs because we did not find respondents failed to comply with relator's public records request. *Id.* at ¶8. Thus, we dismissed relator's petition pursuant to Civ.R. 12(B)(6). *Id.* at ¶9.

{¶6} Relator appealed to the Supreme Court of Ohio, which in *State ex rel. Parker Bey v. Loomis*, Slip Opinion No. 2020-Ohio-1463, reversed and remanded our decision, determining that the letter from Ms. Loomis to relator requesting additional information to fulfill his records request indicated that respondent did not fulfill relator's public records request. *Id.* at ¶8. The court also stated that if we determined on remand that relator was entitled to a writ of mandamus with respect to the second part of his record requests, relator would also be entitled to an award of court costs. Furthermore, if we determined that respondents failed to timely or fully respond to relator's request and because he sent his request by certified mail, he may be entitled to statutory damages. *Id.* at ¶9.

{¶7} Upon remand, we issued an alternative writ for respondents to file an answer or motion to dismiss in accordance with Civ.R.12(B).

{¶8} Respondents filed a motion to dismiss relator's action for failure to comply with the mandatory filing requirements of R.C. 2969.25(A). More specifically, respondents submit that relator failed to comply with the requirements of R.C.

2969.25(A)(1) through (4) by failing to list: (1) the nature of all six of the civil cases he cited; (2) the case names for five of the cases listed; (3) the case parties, including himself, and (4) the outcome of each civil action or appeal.

{¶9} Relator, in turn, filed a reply to respondents' motion to dismiss, arguing that respondents' motion to dismiss should be denied because "the motion does not state any of the (7) defenses within Civil Rule 12."

{¶10} Because it is undisputed that relator is an inmate and that respondents are government employees, relator was required to comply with R.C. 2969.25(A). R.C. 2969.25 requires strict compliance. *State ex rel. Ware v. Walsh*, Slip Opinion No. 2020-Ohio-769, ¶2, citing *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶6.

{¶11} R.C. 2965.25(A) provides that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

{¶12} "(1) A brief description of the nature of the civil action or appeal;

{¶13} "(2) The case name, case number, and the court in which the civil action or appeal was brought;

{¶14} "(3) The name of each party to the civil action or appeal;

{¶15} "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel

4

of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."

{¶16} A review of relator's affidavit reveals respondents are correct that relator failed to comply with the mandatory requirements of R.C. 2969.25(A). Relator cited six civil cases he has filed in the past five years but failed to: provide a brief description of the nature of each case in violation of R.C. 2969.25(A)(1); list a case name for five of the cases in violation of R.C. 2969.25(A)(2); provide the names of each party to each civil action or appeal in violation of R.C. 2969.25(A)(3); and, lastly, provide the outcome of each civil case or appeal in violation of R.C. 2969.26(A)(4).

{¶17} "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *Walsh* at ¶4, quoting *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶4; *see also Turner v. Lucci*, 11th Dist. Lake No. 2015-L-084, 2015-Ohio-4433, ¶7 ("Because relator failed to file a proper affidavit of his prior civil actions and appeals, his petitions must be dismissed").

{¶18} Because relator did not strictly comply with the statute, relator's petition is dismissed.


THOMAS R. WRIGHT, J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.