[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McDougald v. Kuhn*, Slip Opinion No. 2020-Ohio-4924.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4924

MCDOUGALD, APPELLANT, *v*. KUHN, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McDougald v. Kuhn*, Slip Opinion No. 2020-Ohio-4924.]

*Procedendo—Appellant seeking order compelling judge to journalize final judgment of conviction failed to show clear legal right to relief in that judgment of conviction contained all elements required to be a final, appealable order—Court of appeals' dismissal of complaint affirmed.*

(No. 2020-0534—Submitted August 18, 2020—Decided October 20, 2020.)

APPEAL from the Court of Appeals for Scioto County, No. 19CA3881.

_____

**Per Curiam.**

{¶ 1} Appellant, Jerone McDougald, appeals the Fourth District Court of Appeals' judgment dismissing his complaint for a writ of procedendo against appellee, Judge Mark E. Kuhn of the Scioto County Court of Common Pleas. McDougald has also filed motions to amend his merit brief, for judgment on the pleadings under Civ.R. 12(C), and for default judgment under Civ.R. 55.  We grant

the motion to amend, deny the Civ.R. 12(C) and Civ.R. 55 motions, and affirm the Fourth District's judgment.

**Background**

{¶ 2} McDougald is an inmate at the Toledo Correctional Institution. On June 13, 2019, he filed a complaint for a writ of procedendo, seeking an order compelling Judge Kuhn to journalize a final judgment of conviction. McDougald argued that "Crim.R. 32(C) requires that the verdict itself be recorded in the court's journal" and that "without the journalization of this information, there is no judgment of conviction * * * and therefore, no final appealable order."

{¶ 3} Attached to McDougald's complaint was a page that appears to have been printed from the Scioto County Clerk of Courts' website. The printout shows a docket entry dated April 30, 2007. The docket entry states the prison terms imposed for four criminal counts (i.e., possession of drugs, trafficking in drugs, possessing criminal tools, and possessing a weapon while under a disability), which were to be served consecutively for a total of 20 years' imprisonment.

{¶ 4} Judge Kuhn moved to dismiss McDougald's complaint. He argued that McDougald was not entitled to a writ of procedendo because Judge Kuhn had recused himself and therefore "did not have a clear legal duty to proceed to judgment in this matter." Judge Kuhn also argued that McDougald is not entitled to a writ of procedendo because a motion to journalize the court's decision, filed by McDougald on March 6, 2019, had already been denied by a substitute judge. *See State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 9-12 (noting that an appeal lies from the denial of a motion for a judgment entry that complies with Crim.R. 32, precluding extraordinary relief in mandamus or procedendo).

{¶ 5} The Fourth District sua sponte converted Judge Kuhn's motion to dismiss into a motion for summary judgment and permitted McDougald to file evidence in opposition. McDougald did not submit evidence but filed a brief in

opposition to summary judgment. He argued that Judge Kuhn's recusal did not preclude a writ of procedendo and that Judge Kuhn's evidence showed that the motion denied by the substitute judge was not McDougald's motion to journalize.

{¶ 6} The Fourth District dismissed McDougald's complaint for lack of jurisdiction. The court examined the allegedly defective 2007 judgment entry[1] and observed that it contained (1) a statement that a jury had found McDougald guilty of four felony counts, (2) the sentence imposed for each of the four counts, totaling 20 years in prison, (3) the imposition of postrelease control, (4) the signature of Judge Kuhn's predecessor, Judge William T. Marshall, and (5) a time stamp indicating the date of journalization. The Fourth District therefore found that McDougald's judgment of conviction contained all the elements required for a final, appealable order under Crim.R. 32(C) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. Accordingly, the court concluded that it "lack[ed] jurisdiction" to grant McDougald's requested relief in procedendo and dismissed his petition.

{¶ 7} McDougald has appealed to this court as of right.

### McDougald's Motions

{¶ 8} McDougald has filed a motion to amend his merit brief, seeking to add an argument that Judge Kuhn's recusal does not bar relief in procedendo. He argues that Judge Kuhn recused himself after McDougald filed this action and "for the purpose of avoiding his duties to render a judgment." McDougald's motion is unopposed.

{¶ 9} We grant the motion to amend. There is no prejudice to Judge Kuhn, because he had the opportunity to address McDougald's amended argument in his merit brief. Moreover, the additional argument does not add a new issue to this

---

1. Neither party submitted the April 30, 2007 judgment entry as summary-judgment evidence. The Fourth District considered it because McDougald alleged it to be defective in his procedendo complaint. McDougald does not challenge the Fourth District's consideration of the judgment entry.

appeal, because McDougald raised the issue of Judge Kuhn's late recusal in his brief opposing summary judgment in the Fourth District.

{¶ 10} McDougald has also filed a Civ.R. 12(C) motion for judgment on the pleadings and a Civ.R. 55 motion for default judgment in this appeal. In both motions, McDougald contends that he is entitled to a judgment in his favor because Judge Kuhn has not filed a merit brief in this appeal. We deny those motions because neither Civ.R. 12(C) nor Civ.R. 55 applies to proceedings on appeal. *See* Civ.R. 1(C); *see also* S.Ct.Prac.R. 6.01 et seq. (rules of practice for appeals of right in this court). In any event, McDougald is incorrect, because Judge Kuhn timely filed a merit brief in this case.

**Writ of Procedendo**

{¶ 11} A writ of procedendo is proper when a court has either refused to enter a judgment or unnecessarily delayed proceeding to judgment. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7. For a writ of procedendo to issue, McDougald must show a clear legal right to require Judge Kuhn to proceed, a clear legal duty on Judge Kuhn's part to proceed, and the lack of an adequate remedy in the ordinary course of law. *Id.*

{¶ 12} The Fourth District dismissed McDougald's petition based on its purported lack of jurisdiction over McDougald's original action in procedendo. The Fourth District's stated reason for the dismissal, however, conflates the merits of McDougald's petition with the court's subject-matter jurisdiction. A court of appeals has original jurisdiction in procedendo. Article IV, Section 3(B)(1)(e), Ohio Constitution. The Fourth District's determination that McDougald's April 30, 2007 judgment of conviction was a final, appealable order did not divest the court of jurisdiction over McDougald's complaint; rather, it was a merits determination that McDougald is not entitled to relief in procedendo.

{¶ 13} This court will not, however, reverse a correct judgment simply because it is based on an erroneous rationale. *State ex rel. Miller v. Bower*, 156

Ohio St.3d 455, 2019-Ohio-1623, 129 N.E.3d 389, ¶ 14. And in this case, the dismissal of McDougald's petition was appropriate because he failed to show a clear legal right to relief in procedendo.

{¶ 14} Judge Kuhn does not raise his recusal as a bar to McDougald's action against him. Rather, Judge Kuhn argues that his predecessor, Judge Marshall, entered a final, appealable order of conviction on April 30, 2007. Citing the judgment entry of conviction, on which the Fourth District also relied, Judge Kuhn argues that all the elements required by Crim.R. 32(C) and *Lester* were present.

{¶ 15} McDougald's merit brief does not dispute the contents of the trial court's judgment entry journalized on April 30, 2007. Instead, he directs our attention to a page from the trial court's docket in his criminal case. The docket text for an entry dated April 30, 2007, recites the prison terms to which McDougald was sentenced for four criminal offenses. Relying on this docket entry, McDougald contends that the trial court failed to journalize the jury verdict in his judgment of conviction, rendering the entry defective under Crim.R. 32(C) and not a final, appealable order.

{¶ 16} McDougald is mistaken, however, because he has confused the trial court's journalization of its judgment with its notation on the docket. The trial court's docket of journal entries, upon which McDougald relies, is *not* the equivalent of journalization. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 19. Journalization is documented by the trial-court judge's signature and the stamp of the clerk of courts. *Id.* Thus, journal entries signed by the trial-court judge and stamped by the clerk of courts are what control, not the references to them contained on the court's docket. *Id.*; *see also State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989 N.E.2d 49, ¶ 5.

{¶ 17} The Fourth District determined that the judgment entry of conviction dated April 30, 2007, and signed by Judge Marshall contained all the elements

required by Crim.R. 32(C) and *Lester* to be a final, appealable order. McDougald does not dispute the contents of the judgment entry and therefore has failed to show a clear legal right to relief in procedendo. *See State ex rel. Howard v. Doneghy*, 102 Ohio St.3d 355, 2004-Ohio-3207, 810 N.E.2d 958, ¶ 6 (writ of procedendo will not issue to compel performance of a duty the court has already performed). The dismissal of McDougald's complaint was therefore appropriate.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Jerone McDougald, pro se.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Danielle M. Parker, Assistant Prosecuting Attorney, for appellee.

_____