[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bey v. Loomis*, Slip Opinion No. 2021-Ohio-2066.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2066

THE STATE EX REL. BEY, APPELLANT, *v*. LOOMIS, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bey v. Loomis*, Slip Opinion No. 2021-Ohio-2066.]**

*Mandamus—Inmate failed to comply with filing requirements of R.C. 2969.25(A)—*
*Court of appeals' dismissal of petition affirmed.*

(No. 2020-1050—Submitted March 2, 2021—Decided June 23, 2021.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2019-T-0035, 2020-Ohio-3933.

_____

**Per Curiam.**

{¶ 1} Appellant, Vincent El Alan Parker Bey, appeals the judgment of the Eleventh District Court of Appeals dismissing his complaint for a writ of mandamus to compel the production of public records. We affirm.

**Background**

{¶ 2} Bey is an inmate at the Trumbull Correctional Institution ("TCI"). In March 2019, Bey sent a public-records request to respondent, Julie Loomis, who is

responsible for public-records requests at TCI. Loomis provided some, but not all, of the requested records.

{¶ 3} In June 2019, Bey filed an original action in the Eleventh District Court of Appeals seeking to compel Loomis to make the remaining requested records available for his inspection. Loomis filed a motion to dismiss or, in the alternative, for summary judgment, arguing that the complaint was moot because she had already fully responded to the request. Loomis attached to her motion a signed "Declaration" describing her responses to Bey's requests. Based on the declaration, the court of appeals concluded that Loomis had complied with Bey's request and dismissed the action as moot. 11th Dist. Trumbull No. 2019-T-0035, 2019-Ohio-3446, ¶ 2.

{¶ 4} We reversed, holding that the information in Loomis's declaration did not establish mootness with respect to the requested records that were not provided to Bey. 160 Ohio St.3d 192, 2020-Ohio-1463, 155 N.E.3d 828, ¶ 8. We remanded the case for further proceedings. *Id*. at ¶ 1, 9.

{¶ 5} On remand, the court of appeals issued an alternative writ, setting deadlines for the filing of Loomis's answer and any dispositive motions. On June 2, 2020, Loomis filed a motion to dismiss, this time arguing that Bey had failed to file a complete affidavit of prior civil actions as required by R.C. 2969.25. Bey opposed the motion, arguing that it should be denied as improper because it did not "state any of the [seven] defenses" identified in Civ.R. 12 and also suggesting that if Loomis was relying on evidence outside the complaint, the motion should be converted into a motion for summary judgment.

{¶ 6} The court of appeals granted the motion and dismissed the complaint based on Bey's failure to "strictly comply" with the mandatory requirements of R.C. 2969.25(A). 2020-Ohio-3933, ¶ 16-18. Bey appealed a second time.

**Legal analysis**

{¶ 7} An inmate who commences a civil action against a government entity or employee in a court of common pleas, court of appeals, county court, or municipal court must file an affidavit describing "each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A); *see also* R.C. 2969.21(B)(1). The affidavit must include (1) a brief description of the nature of each civil action or appeal, (2) the case name, case number, and the court in which each civil action or appeal was brought, (3) the name of each party, and (4) the outcome of each civil action or appeal. R.C. 2969.25(A)(1) through (4). "Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3.

{¶ 8} The court of appeals dismissed Bey's complaint for noncompliance with R.C. 2969.25(A), finding that his affidavit[1] listed six cases that he had filed during the previous five years but failed to describe the nature of each case, identify the parties thereto, or provide the outcome of each case. 2020-Ohio-3933 at ¶ 16. Indeed, five of the six cases Bey identified did not even include a case name. *Id*.

{¶ 9} On appeal, Bey does not challenge these conclusions or defend the adequacy of his affidavit. He contends that his failure to comply with R.C. 2969.25(A) is not a proper basis for dismissal under Civ.R. 12(B)(6), and further, even if it were, Loomis failed to specifically identify Civ.R. 12(B)(6) as the basis for her motion to dismiss. Additionally, Bey asserts that the court of appeals should have converted Loomis's motion to a motion for summary judgment and given him notice of that conversion.

{¶ 10} Dismissal is the appropriate disposition of an inmate's complaint that lacks a required affidavit. *State ex rel. Ware v. Pureval*, 160 Ohio St.3d 387,

---

1. Bey's statement of prior civil actions and appeals appears in paragraph 1 of his affidavit, which is attached to his complaint behind Exhibit F.

2020-Ohio-4024, 157 N.E.3d 714, ¶ 5. Because Bey filed his complaint in the court of appeals, he was required to comply with the requirements of R.C. 2969.25(A). *See State ex rel. McDougald v. Greene*, 155 Ohio St.3d 216, 2018-Ohio-4200, 120 N.E.3d 779, ¶ 8 (explaining that the requirements of R.C. 2969.25 apply to "a civil action or appeal against a government entity or employee" filed in the court of appeals but not to actions filed in the supreme court).

{¶ 11} Bey's sole legal claim—that the court of appeals should have converted the motion to dismiss into a motion for summary judgment, given him notice of that action, and disposed of the motion pursuant to Civ.R. 56—has no merit. Civ.R. 12(B) requires that a motion to dismiss for failure to state a claim be treated as a motion for summary judgment when the motion "presents matters outside the pleading and such matters are not excluded by the court." Conversion is not required when the motion can be decided without reference to matters beyond the pleadings. *Collins v. Natl. City Bank*, 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, ¶ 10.

{¶ 12} The absence of a qualifying affidavit from Bey's complaint is apparent from the pleadings. Bey has identified no matters outside the pleadings that would require conversion to a motion for summary judgment.

{¶ 13} For these reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Vincent El Alan Parker Bey, pro se.

Dave Yost, Attorney General, and Jared S. Yee and Mark W. Altier, Assistant Attorneys General, for appellee.

_____