**[Cite as *State ex rel. Wells v. Corrigan*, 2022-Ohio-699.]**

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., ERIC WELLS,   :

    Relator,   :

                                     No. 111052

    v.   :

THE HONORABLE JUDGE BRIAN J.   :
CORRIGAN,

    Respondent.   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** March 7, 2022

---

Writ of Mandamus
Motion No. 551138
Order No. 552745

---

### *Appearances:*

Eric Wells, *pro se.*

Michael C. O'Malley, Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Relator, Eric Wells, seeks a writ of mandamus in order to compel respondent, Judge Brian J. Corrigan, to comply with the notice requirement, contained in Civ.R. 58(B), with regard to the denial of two "motion[s] to vacate void

judgment" entered in *State v. Wells*, Cuyahoga C.P. No. CR-09-525073-A. Specifically, Wells states that the judgment entry that denied the motions to vacate void judgment did not comply with Civ.R. 58(B) because the judgment entry failed to contain specific language instructing the clerk of the trial court to serve all parties with the judgment entry. Because Wells's complaint for mandamus is procedurally defective, we are required to deny his request for a writ of mandamus.

## I.     Procedural History

{¶ 2}   On November 1, 2017, and December 27, 2017, Wells filed a pro se "motion to vacate void judgment" in CR-09-525073-A. On September 26, 2018, Wells filed a complaint for a writ of mandamus to compel Judge Corrigan to issue rulings with regard to the two pending motions to vacate void judgment. *See State ex rel. Wells v. Corrigan*, 8th Dist. Cuyahoga No. 107716. On October 26, 2018, Judge Corrigan filed a motion for summary judgment. Attached to Judge Corrigan's motion for summary judgment was a judgment entry, journalized October 24, 2018, that denied the two motions to vacate judgment. The judgment entry, however, did not contain any language that required the clerk of the trial court to serve Wells with a copy of the judgment entry as mandated by Civ.R. 58(B).

{¶ 3}   On December 28, 2018, this court granted Judge Corrigan's motion for summary judgment on the basis of mootness; Judge Corrigan had rendered judgment with regard to the two pending motions to vacate void judgment. *See State ex rel. Wells v. Corrigan*, 8th Dist. Cuyahoga No. 107716, 2018-Ohio-5397. On November 29, 2021, Wells filed a second complaint for a writ of mandamus that is

currently before this court.  On December 13, 2021, Judge Corrigan filed a motion for summary judgment.

## II.     Complaint for Mandamus is Procedurally Defective

### A. Failure to Comply with R.C. 2969.25(A) and (C)

{¶ 4}   A review of Wells's original complaint for mandamus fails to reveal compliance with R.C. 2969.25.  R.C. 2969.25(A) requires Wells to file an affidavit listing each civil action or appeal of a civil action he has filed in the previous five years in any state or federal court, as well as information regarding the outcome of each civil action or appeal.  Compliance with R.C. 2969.25(A) is mandatory and the failure to comply subjects Wells's complaint to dismissal or denial.  *State ex rel. Bey v. Loomis*, 165 Ohio St.3d 267, 2021-Ohio-2066, 178 N.E.3d 468; *State ex rel. Ware v. Pureval*, 160 Ohio St.3d 387, 2020-Ohio-4024, 157 N.E.3d 714; *State ex rel. McDougald v. Greene*, 155 Ohio St.3d 216, 2018-Ohio-4200, 120 N.E.3d 779.

{¶ 5}   In addition, Wells has failed to comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months.  The failure to comply with R.C. 2969.25(C) constitutes sufficient reason to deny a writ claim, deny indigency status and assess costs against Wells.  *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 724 N.E.2d 420 (2000).  Finally, noncompliance with R.C. 2969.25(A) and 2969.25(C) cannot be cured by amendment of the original complaint:

The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 1999 Ohio 53, 719 N.E.2d 544 (1999), citing *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 1998 Ohio 218, 696 N.E.2d 594 (1998). As held by the court of appeals, the affidavit required by R.C. 2969.25(A) must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9, 797 N.E.2d 982 (an inmate's "belated attempt to file the required affidavit does not excuse his noncompliance. See R.C. 2969.25(A), which requires that the affidavit be filed '[a]t the time that an inmate commences a civil action or appeal against a government entity or employee'." [emphasis sic]).

Nor is this a dismissal on the merits requiring prior notice, as asserted by [the inmate] because the failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured, prior notice of the dismissal would have afforded Hall no recourse.

*State ex rel. Hall v. Mohr,* 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4.

*See also State ex rel. Bey v. Bur. of Sentence Computation*, Slip Opinion No. 2022-Ohio-236, wherein the Supreme Court of Ohio reaffirmed the holding that the failure of an inmate to comply with the mandatory requirements of R.C. 2969.25 deprives this court "of jurisdiction to entertain his claims." *Bey* at ¶ 12.

## B. Failure to Comply with Civ.R. 10(A)

{¶ 6}    Civ.R. 10(A) states that the caption of a complaint must include "the names and addresses of all the parties * * *." Wells has not included the addresses of any parties in the caption of his complaint. It is well settled that the failure to properly caption a mandamus action is sufficient grounds for denying the writ. *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d 651 (2001); *Scott v. Sargeant*, 6th Dist. Sandusky No. S-09-008, 2009-Ohio-1745; *State v. Elder*, 11th

Dist. Lake No. 2013-L-114, 2014-Ohio-871; *Snype v. Enlow*, 11th Dist. Portage No. 2011-P-0096, 2012-Ohio-1272. The failure to comply with R.C. 2969.25(A), 2969.25(C), and Civ.R. 10(A) prevents this court from granting the request for a writ of mandamus.

### III. Compliance with Civ.R. 58(B)

{¶ 7} Despite the fact that the complaint for a writ of mandamus is procedurally defective, and thus requires the denial of the request for mandamus, we do find that the judgment journalized on October 24, 2018, failed to comply with Civ.R. 58(B). Although the motion for summary judgment contains the argument that Wells has received actual knowledge of the judgment entry, the Ohio Supreme Court has established that actual knowledge is not a sufficient substitute for service of notice of the judgment by the clerk of courts' office as mandated by Civ.R. 58(B).

> We agree with the decision reached by the Tenth District in *Whitehall ex rel. Fennessy v. Bambi Motel, Inc.*, 131 Ohio App.3d 734, 723 N.E.2d 633 (10th Dist.1998). Actual knowledge of a judgment is not a sufficient substitute for service of notice of the judgment by the clerk of court's office. There is sound reasoning to support this conclusion. Civ.R. 58(B) requires that service be made by the clerk of courts; there is no stated exception. If we open the door to an exception when the parties have actual knowledge of the judgment, we would be forcing the appellate courts into the murky area of deciding whether actual knowledge has been established. Appellate courts are not fact-finders, yet they would be forced into that role should the Twelfth District's decision be upheld in this case. This would create an unworkable situation.
>
> There is no exception to the requirement that when a trial court issues a judgment, it must also issue a directive to the clerk of courts to serve all interested parties and attorneys with that judgment. Pursuant to Civ.R. 58(B), the clerk must then indicate on the docket the names and addresses of the parties it is serving the judgment upon, the method of

service, and the costs associated with the service.  When these steps are followed, there is no question whether service was perfected according to rule.

*Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, ¶ 2.

{¶ 8} Accordingly, we grant Judge Corrigan's motion for summary judgment.  Costs to Wells; costs waived.  The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 9}  Writ denied.


*Kathleen Ann Keough*
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR