[Cite as *State ex rel. Orr v. Corrigan*, 2022-Ohio-3924.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. DARLLEL ORR,     :

    Relator,     :

                                            No. 111878

    v.     :

THE HONORABLE JUDGE     :
PETER J. CORRIGAN,

                        :

    Respondent.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** November 2, 2022

---

Writ of Procedendo
Motion No. 558130
Order No. 558921

---

### *Appearances:*

Darllel Orr, *pro se.*

Michael C. O'Malley, Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Relator, Darllel Orr, seeks a writ of procedendo directing respondent, Judge Peter J. Corrigan, to take some action that is not immediately apparent from the complaint. Orr claims that respondent wrongfully denied him "timely or

reasonable journal entry notification and closure of the sua sponte executed stay/continuance of [r]espondent's charged duty to deliberate guilt or innocence from August 19, 2013 through September 19, 2013 critical timelines." For the following reasons, we grant respondent's motion to dismiss and dismiss the complaint.

## I. Background

{¶ 2} Orr was charged, tried, and convicted of several counts related to the murder of Peter E. Nelson in *State v. Orr*, Cuyahoga C.P. No. CR-12-560637-A. Orr claims that during the bench trial that was conducted in this case, respondent indicated that he would "take some time to deliberate and let [Orr and the state] know when I have a verdict." Orr claims that, rather than deliberating, respondent presided over another civil trial in the common pleas court. Orr claims respondent breached some duty because there was no stay or continuance docketed in his case. Orr claims this constitutes respondent's "unjournalized/unresolved decision to sua sponte stay the execution of deliberating [Orr's case] — a submitted murder case without bringing him in open court pursuant to Crim.R. 43(A) and R.C. 2945.02 to determine his consent in the matter." Orr goes on to claim that respondent must provide him with

> (1) a journal entry establishing whether the August 19, 2013 sua sponte decision to stay execution of CR-12-560637-A outstanding bench trial deliberation was reasonable; (2) a journal entry establishing the length of the August 19, 2013 sua sponte executed stay of CR-12-560637-A outstanding bench trial deliberation; and (3) a journal entry establishing whether no just reason existed to delay the App.R. 4(A) clock as required to resolve the outstanding sua sponte stay of CR-12-560637-A bench trial deliberations pursuant to Civ.R. 54(B).

{¶ 3} On September 15, 2022, respondent file a motion to dismiss Orr's complaint. There, respondent argued that the complaint was largely unintelligible, but what could be discerned did not set forth a claim in procedendo. Further, respondent argued that the complaint was defective because Orr failed to comply with necessary provisions of R.C. 2969.25.[1] On October 5, 2022, Orr filed a timely brief in opposition to the motion to dismiss, styled "motion by relator to procedurally oppose and exclude respondent's unfactual/misleading conclusions submitted for dismissal of the underlying action." The same day, Orr filed a motion to accept this filing, which was granted. To the extent that Orr's filing in opposition seeks to strike any portion of respondent's motion to dismiss, the motion is denied. The remainder of the arguments contained within the brief in opposition are addressed below.

## II. Law and Analysis

### A. Standard for Writ of Procedendo

{¶ 4} "A writ of procedendo is proper when a court has either refused to enter a judgment or unnecessarily delayed proceeding to judgment." *McDougald v. Kuhn*, 162 Ohio St.3d 619, 2020-Ohio-4924, 166 N.E.3d 1163, ¶ 11, citing *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7. A successful complaint for writ of procedendo must show that (1) the relator has a clear

---

[1] Respondent also argued that Orr failed to file the affidavits required by R.C. 2969.25(C) that must include a statement from an inmate's prison account when an inmate seeks to file an action without paying the filing fee. However, Orr paid the filing fee. Therefore, the provisions of R.C. 2969.25(C) are inapplicable.

legal right to proceed, (2) the respondent has a clear legal duty to proceed, and (3) the relator has no other adequate remedy in the ordinary course of the law. *Id.*, citing *Culgan*.

{¶ 5} The case is before the court on respondent's motion to dismiss. Pursuant to Civ.R. 12(B)(6), a court may dismiss a complaint where it appears beyond doubt, after presuming the allegations in the complaint are true and drawing all reasonable inferences in favor of the nonmoving party, that relators can prove no set of facts that would entitle them to the relief sought. *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 661 N.E.2d 170 (1996).

## B. Journalization of Stay/Continuance

{¶ 6} From the assertions in the complaint, it appears that Orr claims that after respondent adjourned court to deliberate before announcing a decision in the criminal case, respondent could not take further judicial actions in any other proceedings until he decided Orr's guilt or innocence unless respondent journalized a continuance or stay. It is unclear where this notion originates, and Orr's citations to statutes, rules of court, and prior cases do not help with this determination. For support, Orr points to the following page attached to his complaint that is purportedly from the trial transcript:

> THE COURT: Once again, please go through the exhibits and make sure that I have all of them. I'm going to take some time to deliberate and let you know when I have a verdict.
>
> Mr. Orr, you have another case pending as well. We will set that for a pretrial with the prosecutor handling that case in the next week or so, so we can begin to figure out when we can resolve or try that case.

MR. ORR: Yes, Your Honor. Yes, sir.

THE COURT: We are in recess.

Orr claims that this shows that respondent stayed the "deliberation cycle" or case.

{¶ 7} As Orr's complaint indicates, after the close of evidence and closing arguments, respondent adjourned court to deliberate on August 19, 2013. Respondent announced the verdicts in the case in open court on September 19, 2013, as evidenced by a journal entry attached to the complaint in the instant action.

{¶ 8} Orr's claim is not cognizable in procedendo. Orr appears to assert that an unjournalized stay or continuance somehow deprived the court of jurisdiction in his criminal case. He also requests "this court * * * to make a [de novo] determination as to whether relator is entitled to receive technicality release behind the excessive nine[-]year delay in journalizing and resolving his stayed deliberation cycle of prosecution for no disclosed reason." However, these are not proper claims for procedendo. Procedendo is a means of compelling a judge to proceed to judgment. "'The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be.'" *State ex rel. Knox v. Russo*, 8th Dist. Cuyahoga Nos. 102859 and 103003, 2015-Ohio-3773, ¶ 7, quoting *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106, 12 N.E.2d 144 (1937).

{¶ 9} Judgment was rendered in Orr's underlying criminal case. According to the December 2, 2013 sentencing entry attached to Orr's complaint, Orr was

found guilty of several crimes and sentenced on November 27, 2013. Orr appealed his convictions, which were affirmed. *State v. Orr*, 8th Dist. Cuyahoga No. 100841, 2014-Ohio-4680.

{¶ 10} Respondent has proceeded to judgment in the underlying criminal case, and Orr has not established that he has a legal right to have respondent journalize a stay order in the case or that respondent has a legal duty to do so.[2] The failure to properly journalize a continuance, if that is what Orr is arguing, is an error that could have been raised on appeal from his convictions. Orr did not raise this argument in his direct appeal.[3] He cannot now attempt to use a writ as a substitute for a timely appeal. *State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 24, citing *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 11; *State ex rel. West v. Price*, 62 Ohio St.2d 143, 144, 404 N.E.2d 139 (1980); *State ex rel. Wilson v. Lawrence Cty. Court of Common Pleas*, 146 Ohio St. 4, 5, 63 N.E.2d 438 (1945). Orr had an adequate remedy at law where he could have raised this issue in his direct appeal but failed to do so. For all these reasons, relief in procedendo is not available to Orr.

{¶ 11} In portions of the complaint, Orr claims he was prejudiced by delay in the announcement of verdicts, citing to *State v. Jackson*, 8th Dist. Cuyahoga No.

---

[2] Indeed, respondent may lack jurisdiction to do so after the final order of conviction was journalized.

[3] Orr raised a constitutional and statutory speedy-trial claim in his direct appeal but did not advance this argument. *See Orr* at ¶ 100-111.

80398, 2002-Ohio-4576 (involving issuing findings of fact and conclusions of law when denying a postconviction relief petition); *State v. Lee*, 48 Ohio St.2d 208, 357 N.E.2d 1095 (1976) (dealing with speedy-trial rights and continuances); *State v. Geraldo*, 13 Ohio App.3d 27, 468 N.E.2d 328 (6th Dist.1983) (requirements for properly journalizing a continuance *prior to trial*); *Cleveland v. Austin*, 55 Ohio App.2d 215, 380 N.E.2d 1357 (8th Dist.1978) (speedy trial). These cases have little to do with Orr's claimed breach of respondent's duty. They generally involve an accused's right to be brought to trial within a certain period and discuss the docketing of continuances *prior to trial. See also* R.C. 2945.71 and 2945.72. These cases are inapplicable to the present claim.

{¶ 12} Orr also cites to R.C. 2945.02. This statute provides,

> The court of common pleas shall set all criminal cases for trial for a day not later than thirty days after the date of entry of the plea of the defendant. No continuance of the trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance.
>
> No continuance shall be granted for any other time than it is affirmatively proved the ends of justice require.
>
> Whenever any continuance is granted, the court shall enter on the journal the reason for the same.
>
> Criminal cases shall be given precedence over civil matters and proceedings. The failure of the court to set such criminal cases for trial, as required by this section, does not operate as an acquittal, but upon notice of such failure or upon motion of the prosecuting attorney or a defendant, such case shall forthwith be set for trial within a reasonable time, not exceeding thirty days thereafter.

{¶ 13} Orr appears to be under the mistaken impression that this statute prohibits a judge from engaging in any other judicial activity during the

deliberations phase of a criminal bench trial, apart from deciding the guilt or innocence of the criminal defendant unless the judge journalizes a continuance in open court. The statute contains no such prohibition. Sup.R. 40(A)(2) provides that "[a]ll cases submitted for determination after a court trial shall be decided within ninety days from the date the case was submitted." Here, respondent decided the case well within the 90-day timeframe specified in Sup.R. 40.[4]

{¶ 14} Crim.R. 50, cited by Orr, is also not helpful to his claims. It states, "Criminal cases shall be given precedence over civil matters and proceedings." The fact that respondent may have handled other matters, including civil matters, during the approximately one-month period between submission of the case to respondent and the announcement of verdicts in Orr's criminal case does not lead to a conclusion that the trial court was required to journalize a continuance in order to do so.

---

[4] Sup.R. 40 does not establish enforceable rights for litigants, but acts as a guideline for judges. *Culgan*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, at ¶ 11.

{¶ 15} Respondent's motion to dismiss is granted.[5]  Costs assessed against relator.  The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 16} Complaint dismissed.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR

---

[5] The court also notes that Orr's affidavit of prior civil actions required by R.C. 2969.25(A) fails to strictly comply with this statute because the descriptions of prior actions do not include the names of the parties to the actions.  R.C. 2969.25(A)(3).  For instance, two descriptions list the respondent simply as "Warden" without providing any names of the respondents.  This provides a separate basis on which to deny the requested relief.  *See State ex rel. Bey v. Loomis*, 165 Ohio St.3d 267, 2021-Ohio-2066, 178 N.E.3d 468; *State ex rel. Pointer v. Ohio Adult Parole Auth.*, Slip Opinion No. 2022-Ohio-3261, ¶ 8.